## MILES *against* RICHWINE.

### IN ERROR.

A constable who has an execution put into his hands against a defendant, cannot discharge such defendant from liability to the plaintiff, by settling an account with him for money transactions heretofore had between them, and passing receipts, no money being actually paid.

WRIT of error to the Court of Common Pleas of *Cumberland* county. The plaintiff in error was defendant below.

The following case was stated for the opinion of the court, the facts therein set forth having been agreed to by the parties, and the same to be considered in the nature of a special verdict, reserving to either party the right to take a writ of error.

On the 6th of *June*, 1823, *Henry Richwine* obtained judgment on the docket of *William Irwine*, Esq. a justice of the peace, against *Richard Miles*, for forty-six dollars and sixteen cents, and costs of suit, upon which judgment, on the 29th of *December*, 1823, an execution issued at the instance of the plaintiff, *Henry Richwine*, which was directed to *John Monks*, then constable of the borough of *Carlisle*. During the time the said execution was in the hands of the said *John Monks*, to wit: within twenty days after the same had been issued by the said justice, a judgment existed upon the docket of *Elisha Doyle*, Esq., a justice of the peace, against the said *John Monks*, upon which an execution issued, directed to the said *Richard Miles*, who was then also a constable of the borough of *Carlisle;* and also, at the time the said execution was in the hands of the said *John Monks* against the said *Richard Miles*, the said *John Monks* was indebted to the said *Richard Miles*, in divers sums of money, which he, the said *Richard Miles*, had paid for the said *John Monks;* whereupon, the said *John Monks* agreed, on the —— day of ——, A. D. 182-, to give the said *Richard Miles* a receipt in full of the debt, interest, and costs, for which the said execution had issued; and the said *John Monks* did then, in consideration of his being thus indebted, and liable to pay to the said *Richard Miles*, execute a receipt in full, to the said *Richard Miles*, for the amount of debt, interest, and costs, due on the execution of the said *Henry Richwine*, against the said *Richard Miles:* That *no money was paid* by the said *Richard Miles* to the said *John Monks*, in satisfaction of the said execution against him, the said *Richard Miles:* That afterwards, to wit: on the 11th day of *February*, A. D. 1824, the said *John Monks* being still indebted to the said *Richard Miles* for monies, paid for him, the said *John Monks*, the said *Richard Miles* and the said *John Monks*, entered an amicable action before *Elisha Doyle*, Esq., and agreed, that all

(Miles *v.* Richwine.)

matters in variance between them should be referred to *Andrew Boden, Isaac Todd,* and *John Phillips,* Esq., who proceeded to try the matters referred to them, and made an award in favour of the said *Richard Miles* for seventy-six dollars and seventy-three cents, upon which the said *Elisha Doyle,* Esq. entered judgment: That in the said settlement, so made by the arbitrators, by an award in favour of the said *Richard Miles,* as aforesaid, the said *John Monks* was allowed a credit for the amount of the said receipt, so given as aforesaid, and which he, the said *John Monks,* claimed to defalk out of the claim of the said *Richard Miles* against him: That afterwards, to wit: on the 25th day of *March,* A. D. 1824, the said *Richard Miles* entered the said judgment so obtained before *Elisha Doyle,* Esq., upon the docket of the Court of Common Pleas of *Cumberland* county, whereon he caused execution to issue; upon which, the real estate of the said *John Monks* was levied and sold, and the amount of the said judgment made and paid to the said *Richard Miles:* That since that time, the said *John Monks* has taken the benefit of the insolvent laws of this commonwealth.

This suit originated by a *Scire Facias,* issued upon the aforesaid judgment in favour of *Henry Richwine,* against the said *Richard Miles,* to show cause why execution should not issue against him, the said *Richard Miles,* for the amount of debt, interest, and costs of the said judgment; upon which, an appeal was entered to the Court of Common Pleas of the said county.

If upon these facts, the court should be of opinion, that the plaintiff is, without regard to the form of action, entitled to recover, the judgment to be entered for the plaintiff for forty-six dollars sixteen cents, debt, with interest from the 6th of *June,* 1823, and costs of suit; but if the plaintiff is not entitled to recover, the judgment to be entered for the defendant.

*Watts,* for the plaintiff in error.—A constable may give a receipt for a debt, and render himself liable, without the money. Even, if actually received, the plaintiff would have nothing to trust to but his personal responsibility. Where constables have mutual executions against each other, they may set them off; because, it would be idle ceremony to receive on the one, and pay back on the other.

*Penrose, contra,* was stopped by the court.

The opinion of the court was delivered by

Gibson, C. J.—It is settled, that an officer cannot apply an execution in his hands to the satisfaction of his own debt. In *Codwise* v. *Field,* 9 *Johns. Rep.* 263, the coroner having a *Capias ad Satisfaciendum* against the sheriff, to whom he was indebted, gave him a receipt in full, and engaged to settle the amount with the plaintiff, but failed to do so; and it was held, that this arrangement did not discharge the execution, actual payment alone being competent to produce that effect. So, in the Bank of *Orange* v. *Wakeman,* 1 *Cowen,* 46, where a sheriff's deputy took the defen-

(Miles *v.* Richwine.)

dant's negotiable note, gave a receipt, and returned the execution, satisfied; it was determined that the defendant was still liable. As regards the debt due by *Monks* to *Miles*, on his own right, these cases are exactly in point. But the case of two constables agreeing to set off executions in their hands, against each other, is clearly within the principle established by them; inasmuch as such an arrangement would substitute the officer for the defendant. It might not, therefore, be an idle ceremony, as it has been called at the bar, to enforce the payment of money on the one execution, to have it paid back the next moment on the other. If one of the defendants were *insolvent*, and the other not, the set-off would effect an injurious change of liability, by substituting an insolvent constable for a solvent defendant: and so, *vice versa.* To avoid this, and other mischiefs, the law will not endure the mingling of private transactions with official duties. Had *Monks* collected the money on the plaintiff's execution, he might, no doubt, have embezzled it; but he might also have proved faithful to his trust; and in the worst event, the plaintiff could have been reduced only to the situation in which the attempted arrangement, had it been successful, would have left him. *Miles*, therefore, cannot be permitted to obtain his debt from *Monks*, and at the same time, pay a judgment creditor, at the expense of the plaintiff.

Judgment affirmed.