# Wilson *against* The Borough of Lewistown.

The first section of the Act of 15th of April 1835, does not limit the power of the inhabitants of a borough or township, to assess any amount of tax for school purposes.

A public officer cannot blend his public duties with his private transactions; hence, if a collector be sued by a borough for the amount of a duplicate put into his hands for collection, he will not be permitted to set off a debt due to him by the plaintiff.

An action may be maintained by the legal authorities of a borough against a collector of school tax, to recover the amount of a duplicate, put into his hands for collection by the same authorities.

ERROR to the Common Pleas of *Mifflin* county.

The Burgess and Town Council of the Borough of Lewistown, in the county of Mifflin, against Henry Wilson's administratrix. This action was brought to recover the sum of $484.76, being the balance due by the defendant of a duplicate of school tax, delivered to him by the plaintiffs for collection.

The plaintiffs offered in evidence the duplicate, to which the defendant objected, on the ground that the plaintiffs had not shown that the tax was legally assessed.

The court overruled the objection, and sealed an exception.

The duplicate was then given in evidence, and the plaintiffs then called witnesses, who proved that the defendant had made two small payments on account of the taxes collected by him, and that he refused to collect the balance, because, as he said, the council would not make him certain exonerations. The council afterwards made the exonerations, and he still refused to pay.

The defendant then offered to prove that the tax was illegally assessed, and was for a greater amount than the law authorized,

[Wilson v. The Borough of Lewistown.]

and therefore the defendant would have been a trespasser if he had attempted to collect it.

This was objected to by the plaintiffs: and the court ruled that, inasmuch as the defendant had accepted the duplicate, and proceeded to collect the tax, and no objection was made by the taxables to his proceeding to collect the balance, he would not be permitted himself to make the objection.

The defendant excepted to this opinion.

The defendant then offered evidence of a debt due by the plaintiffs to him, by way of set-off.

This was also objected to, and rejected; the defendant excepted.

The court, in answer to a number of points put by the defendant's counsel, in substance told the jury that the defendant had shown no defence, and the plaintiff was entitled to recover in the present form of action.

*Parker* and *Benedict,* for plaintiff in error, argued that the plaintiffs were bound to show that the tax had been legally assessed, and whether or not, the borough could not maintain this action. The suit should have been in the name of the school directors, who were entitled to the fund. If the collector had paid the taxes, when collected, to the borough, as their treasurer, it would not have been a good payment; the law requires that it be paid to the school directors, or their treasurer. Act of 1st of April 1834, section 7.

*Hale, contra.* The plaintiffs were not bound to show that the tax was legally assessed, for even if there had been an irregularity in the mode of assessing it, that would not have justified the defendant in his defence. 7 *Law Lib.* 38, 39; 15 *Wend.* 578; 4 *Watts* 341; 1 *Watts* 139. By the provisions of the Act of 1834, suits must be in the name of the boroughs and townships.

The opinion of the Court was delivered by

ROGERS, J.—The defendant's intestate, Henry Wilson, was appointed by the plaintiffs, collector of the school tax for the borough of Lewistown. Having accepted the appointment, a duplicate was placed in his hands, on which he collected at least a part of the taxes due: suit is brought to recover the amount of the duplicate, deducting the exoneration allowed him by the town council. It appears in evidence, that he complained he had not time to collect the tax, but promised that when he had time, he would collect it. He promised to collect it, provided the town council would exonerate him, and make him certain allowances; that this was all he asked: whereupon the town council appointed a committee, who examined his duplicate, and gave him the exonerations required. No other reason was alleged by him for not proceeding in the collection of the tax.

[Wilson v. The Borough of Lewistown.]

On the trial, the plaintiff offered in evidence, the duplicate, which although objected to, was properly admitted, because it is referred to in the plaintiff's declaration, and the plaintiff had a right to give it in evidence, whatever might have been its effect thereafter.

The defendant alleged that the action could not be sustained, because the tax was illegally assessed; and for this purpose he offered to prove, that the commissioners and delegates assessed one and a half times the amount of the county tax for 1836, and that this was an additional tax by a meeting of the people; also for one and a half times the amount of the county tax for the same year. The court refused to receive the evidence, on the ground that as the collector had received the duplicate, and collected part, he was bound to collect the whole, until arrested by some judicial authority; and until that is done, he should not be permitted to dispute the authority under which he acts, by proof that the tax was not legally assessed.

A court cannot inquire into the irregularity of an assessment, but when a tax is attempted to be collected, without any authority whatever, all who are engaged in the collection would be trespassers. Hence, if the collector had been aware that this tax was not legally assessed, he would not be bound to proceed and collect it, and thereby render himself liable to an action at the suit of those on whom he had made an illegal levy. And if this had been the case, it would be a valid and honest answer to the plaintiff's action. But here it appears that part of the money was collected by the defendant, and that the reason he did not proceed to collect the tax, was not from any well-founded fears that he would render himself liable for collecting a tax illegally assessed, but on the allegation of want of time, and because he was desirous of obtaining an exoneration, which was afterwards given to his entire satisfaction by a committee of the town council. The case, therefore, does not come before us under circumstances very favourable to the defendant. But we must take as true, what the defendant offered to prove; and the question arises, whether the tax was illegally assessed. The 1st section of the Act of the 1st of April 1834, divides the State into school divisions, and makes every ward, township and borough within the several school divisions, a separate district; and the 4th section enacts at the time therein specified, there shall be held at the county court house in each division, a joint meeting of the county commissioners, and one delegate from each board of school directors within said county, or school division into which it shall be divided, to determine whether or not a tax for the expenditure of each district shall be levied; and if a tax be authorized by a majority of the joint meeting, it shall be apportioned among the several districts, as county rates and levies are now by law apportioned.

The duty of the joint meeting is, first to determine whether a tax shall, or shall not, be laid for school purposes; and if the

[Wilson v. The Borough of Lewistown.]

former, to determine its amount, and to apportion it among the several districts. The meeting determine the aggregate amount for the several divisions, which consist of the city and county of Philadelphia, and the other counties in the commonwealth; but as it was supposed that the people in some of the districts, might be desirous of increasing the amount laid, it is enacted in the 7th section, among other things, that a meeting of the people in the several districts, may be called in the manner therein prescribed; and that it shall be in the power of the said meeting to decide by a majority of votes, whether they will raise for the current year, a sum in addition to that determined on by the delegate meeting aforesaid, to be applied to the common school of said district. Under the authority of this section, the people of the borough of Lewistown authorized the assessment of the tax, the collection of which was undertaken by the defendant's intestate. And if the tax was properly laid by competent authority, no question could be raised, were it not for the 1st section of the supplement to this Act passed the 15th of April 1835. This, the defendant contends, limits the power of the people, as well as the commissioners and delegates in joint meeting, to a tax not exceeding one and a half times the amount assessed for county purposes. In this section it is enacted, that the tax authorized to be assessed and levied by the several school divisions and districts, by the Act entitled, "An Act to establish a general system of education by common schools," passed the 1st day of April, one thousand eight hundred and thirty-four, (to which this is a supplement) shall be assessed and levied on the same articles as the State tax is now assessed and levied on, and on all posts of profit, professions, trades, occupations or callings, *not exceeding one and a half times the amount assessed on the same for county purposes.*

It is not very clear whether the legislature intended to limit the authority of the joint meeting, or whether they intended to extend the limitation to the people assembled in their several districts, as presented in the 7th section. If the latter, it is supposed that it would have been done in more express terms, as reasons may exist why the authority vested in persons in a representative capacity may be circumscribed, which do not apply to the citizens in their primary assemblies. The theory of our government is, that the people are the sources of all legitimate power. We are inclined to think the limitation was intended for the former, and not the latter. But this question ceases to be of general consequence, as by the Act of the 13th of June 1836, there is no such limitation. In the 4th section, the school directors of every school district are authorized to levy such an amount of tax on the district, as they may think necessary for school purposes: not less than equal to, nor more than treble, the amount which the district is entitled to receive out of the annual appropriation; but the taxable inhabitants, in meeting called for the

purpose, may decide by ballot how much, and what additional sum shall be raised for school purposes; keeping up the distinction between those which act as representatives, and the taxables themselves; and this serves to show the policy of the legislature. But the argument is, that this is a good defence, because the collector, if he had proceeded to collect the tax, would have been a trespasser. Setting aside the irresistible conclusion that this defence is a mere subterfuge, inasmuch as no proof was given or offered that there was any serious opposition by the taxables to the payment of the tax, it is by no means clear that he would have been liable to damages as a trespasser. He received his duplicate from competent authority; and was he bound to examine whether the people in the primary assemblies had exceeded the amount of the tax to be levied? This was matter of calculation, and the amount of the excess can make no difference in the principle, for if he was bound to examine at all, he would be a trespasser, even if the meeting of inhabitants exceeded the limits prescribed by law, to the amount of one dollar, or one cent. This would be any thing but a rule of justice. I am inclined therefore to think that it would, in such cases, amount to nothing more than an irregularity in the assessment, which would not render the assessment void, although it might be avoided by competent authority.

The court were correct in deciding that no public officer can be permitted to blend his private with his public transactions. There was therefore no error in excluding evidence that the school directors were indebted to him for work done at a common schoolhouse within the borough. Nor do we see any force in the objection, that the suit should be brought either in the names of the school directors, or the treasurer. By the 21st section of the Act of 1834, the treasurers of the several townships and boroughs are made the treasurers of the said school districts, &c.; and the moneys, &c. are to be paid out by them, on orders drawn by the president of the board of directors, by order of the board; but there is no authority for either to bring suit against a delinquent collector. In all other cases of delinquency, (and why not in this?) the suit may be brought, or remedy had, in the name of the boroughs or townships which are vested with corporate powers. Here, the duplicate was delivered to the defendant by the town council, who had competent authority for that purpose; and it would be against right to permit him to object that he is not accountable to them for the money he has collected, or which he was bound in duty to collect. We also think there is nothing erroneous in the answer of the court to the several points put by the defendant. In the observations which have been made, the material questions have been met, and there is nothing in any other point which requires to be specially noticed. On the whole case we think justice has been done, and therefore order the judgment to be affirmed.

                                        Judgment affirmed.