# Todd *versus* The Borough of Patterson.

. A treasurer of a borough in a settlement of his official account cannot have a credit for an individual claim against the borough.

2. The subject of the settlement must be his official receipts and disbursements, and he is chargeable with money coming into the treasury by way of loan whether from himself or others.

3. He could not repay his own or any other person's debt without an order of the town council.

May 28th 1867. Before THOMPSON, READ and AGNEW, JJ. WOODWARD, C. J., and STRONG, J., absent.

Error to the Court of Common Pleas of *Juniata county.*

This case arose on an appeal by John B. M. Todd, treasurer of the borough of Patterson, from the auditors' settlement of his account as treasurer, finding a balance of $120.20 against him.

About February 1864, several meetings of the citizens of Patterson were held to raise money to pay bounties to volunteers, and James North was appointed by the citizens, treasurer for the bounty fund ; and as such gave certificates to citizens for the amounts severally subscribed by them, amongst the rest one to

[Todd v. Borough of Patterson.]

Todd for $60. Todd also purchased the certificates of other citizens to the amount of $345.

Todd was elected borough treasurer, in March 1864, and in June 1864, the town council laid a tax of 55 mills, for the purpose of paying bounties, and it appeared that the council continued North treasurer of the bounty funds. They also at the same time directed a bond to be issued to J. B. M. Todd, for money loaned by him to the borough. At a meeting of the council in July, it was resolved, that the treasurer of bounty funds be required to take the certificates given by J. North, treasurer of bounty funds as so much money.

The 55 mills tax could not be collected on account of its illegality; the duplicate was returned by the treasurer, and on the 22d of August the council authorized a tax of 3 per cent. which was collected and paid to North as treasurer of the bounty funds.

At the settlements of his accounts before the auditors, Todd presented the certificates for subscriptions, but did not present a claim for his own bond. The auditors refused to allow him credit for the certificates.

There was evidence on the trial, that Todd had purchased the certificates at a discount.

The court (Graham, P. J.) charged, " that Todd could not introduce his individual claims into the settlement of his official accounts as treasurer. He also charged that the directions of the council that the certificates of subscription should be received by the treasurer of the bounty funds was not to him but to North, and directed a verdict for the borough for $120.20, the amount reported against Todd by the auditors.

The jury found accordingly.

Todd, on a writ of error to the Supreme Court, assigned the charge of the court for error.

*Doty & Alexander*, for plaintiff in error.

*E. D. Parker* and *W. H. Miller*, for defendant in error.

The opinion of the court was delivered, July 3d 1867, by

AGNEW, J.—The court below was manifestly right in excluding from the account of Todd, as treasurer of the borough, his claim for the money he had lent to the borough on its bond. This will be seen by noticing the nature and subject of the account. Todd was the treasurer of the borough of Patterson, and went before the auditors to settle his official account as treasurer. The subject of the settlement must necessarily be his official receipts and disbursements. He was therefore to be charged with all moneys of the borough which he had received as its treasurer, and to be

5 P. F. SMITH—32

[Todd *v.* Borough of Patterson.]

credited with all sums he had paid out by order of its proper authorities. He was chargeable with money coming into the treasury by way of loan, whether the loan was contracted with himself as an individual or another. His being charged with the $200 he had himself lent to the borough was no reason in itself that he should have credit as treasurer for the bond he held individually for repayment of the money. As treasurer, he could not repay his own or any other person's bond without the order of the town council, who alone had the power to authorize payments out of the borough treasury. As treasurer, he could not know what reasons the council might have for refusing payment; and he could not by his own act determine any defence the council might have in his own favor as the holder of the bond. The sum of the matter is that, as an officer, he could not obtain a credit for the disbursement to the bond held by himself as an unofficial person, without an order of the council. The same reasons apply to the bounty certificates he had bought up or held on his own account, and obviously with more force. It is by no means certain that the borough was at all liable for their payment, and some of them he had bought up at a large discount. He could neither deprive the borough of its defence nor speculate in his official capacity upon the claims preferred against it.

But Todd relied also upon a resolution of the council passed on the 7th of July 1864, authorizing the treasurer of the bounty funds to take the certificate given by J. North, treasurer of the bounty funds, as so much money. There might have been something in this if the authority had been addressed to himself as the treasurer. But the evidence shows very clearly that North was appointed by the council as special treasurer of the bounty funds. On the 14th of June 1864, the council had authorized a levy of a bounty tax of 55 mills, which the people seemed unwilling to pay, and, as an inducement, the treasurer of the bounty funds (who was J. North, and not Todd) was authorized to receive his own outstanding certificates as money. The purpose very manifestly was to induce the payment of the tax levied by accepting the certificates from the taxpayers. But the tax being illegally levied, and the people refusing payment, the whole matter fell through, and on the 22d of August 1864 the council proceeded to levy another tax of 3 per cent. The resolution was therefore no authority to Todd, the borough treasurer, to lift the certificates. As treasurer, the case was rightly decided against him. As a creditor of the borough upon its bond and certificates of loan, he can proceed to enforce their collection, as any other creditor may do, if the debts be valid.

The judgment is affirmed.