## APPROPRIATION BY MUNICIPALITIES.

[Circuit Court of Lucas County.]

### ELIZABETH WEBER v. CITY OF TOLEDO.

Decided, October, 1901.

*Municipal Corporation—Appropriation of Property by, for Street Purposes—Award not Paid—May be Recovered by Devisee of the Owner at the Time of the Appropriation—Form of Action—Statute of Limitations—Evidence of Intention to Dedicate—Conclusivenesss of the Award.*

1. A widow has the right, as the devisee of her husband's estate, to bring an action in her own name against a municipality for recovery of the amount assessed, but never paid, in proceedings brought during the lifetime of her husband for appropriation for street purposes of land belonging to him.

2. Such an action falls under Section 4977, and is not barred for twenty-one years.

3. The remedy of a property owner whose land has been taken by a municipality without payment therefor is in a suit for compensation. An action in ejectment is not open to him against the municipality.

4. The voluntary laying of a sidewalk by an abutting owner of property appropriated by a municipality for street purposes, without payment being made therefor, can not be construed as an intent to dedicate to public use the property so appropriated, or as a waiver of the right to recover payment therefor.

5. Where a municipality in proceedings for the appropriation of property designates a certain person as the owner thereof, and proof is offered of the purchase by him of the property prior to the bringing of the suit, the municipality is precluded from denying many years later that the title was in the person in whose favor the judgment for the value of the property was rendered.

HAYNES, J.; PARKER, J., and HULL, J., concur.

Elizabeth Weber brought suit in the court of common pleas against the city of Toledo, in which she set up that about February 15, 1875, the common council of the city duly passed the necessary legislation to open Niagara street a certain width; that on June 21, 1875, the common council passed an ordinance to appropriate the lands described in the petition, being parts of lots 228 and 248, Stickney's addition, and also parts of lots

223 and 224; and on September 12, 1875, the city council made application to the probate court, and steps were taken whereby the amount of compensation to the owners was assessed, and it states the amount. And she says these amounts have never been paid. She says in her petition also that the city did not take the land so appropriated, and nothing further was done until about the year 1886, when the city entered upon the lands, and graded them, and they have been taken and used for a street ever since. The precise ordinance under which the grading was done has not been set out, but it is admitted that the work was done under the authority of the city of Toledo. She says that one of the lots was conveyed to her husband in 1878, as I understand it; a portion of lot 224 was conveyed to Jacob Weber in 1875, February 12th, by warranty deed, and the north half of lot 223 was conveyed to Webber by Valentine H. Ketcham February 8, 1878, and they owned the other lot before. Jacob Weber died somewhere about 1888 or 1889, I believe, and by his last will and testament he gave all this property to his wife, the plaintiff herein, who has been and remained in possession of it ever since.

It is claimed on behalf of the city of Toledo that the plaintiff has no right to sue; that even if the city was liable to pay the appropriation money, the administrator or the executor of the will of Jacob Weber was the proper party to bring suit. It is claimed also that the statute of limitations is a bar to the action; also, that there has been a dedeication of the lots by the Webers.

The testimony shows that the Webers were in possession of the property up to the time that the city graded the street, and had fences around it; that the city tore down the fences, graded the street, and took possession of the property, and subsequently the Webers built a sidewalk along that side of the street for the benefit of people living on that side of the street.

It is not necessary that I should spend very much time on the case. There are two cases which settle some of the questions for us, at least. The first case is one decided by this court at the March Term, 1887, the court then being composed of the original members, Upson, Baldwin, and myself. This

is *Toledo* v. *Groll,* 2 C. C., 199, in which John Groll brought suit to recover the amount of $1,831 that had been awarded to him in certain proceedings brought by the city in the probate court to extend East Broadway across Groll's land in East Toledo. The land had been appropriated in 1873. The city council passed a resolution directing the street commissioner to take possession of the land and open the street, but the street commissioner did not do it. The matter remained in that condition until 1883, when the city council again passed a resolution directing the street commissioner to open the street, which the street commissioner did; and in 1884 the plaintiff began his suit, being eleven years after the award had been made. To that a contest was made by the city, and a decision was rendered by the court. After citing the statute, Section 2260, Revised Statutes, we cited from the opinion of Judge Gilmore in delivering the opinion of the Supreme Court in *Ryan* v. *Hoffman,* 26 Ohio St., 109, 120, wherein the judge said:

''The provisions of this section are evidently intended for the benefit of the landowner, preventing as they do the land from being hung up in uncertainty for an unreasonable length of time; and a strict compliance with its requirements could be waived by the owner. An acceptance of the money assessed as compensation after the expiration of six months from the date of the assessment and delivery of possession, would constitute such a waiver and operate as a ratification of the proceedings.''

At page 122 of the same case he says:

''The second objection is that even if the city takes and pays for the property condemned, it takes the title by purchase, and not by appropriation, and hence can not assess the expense on the adjoining property. From what has been before said, it will appear that there is no force in this objection. We think the city will take the title by appropriation; but the right to assess the expense upon the adjoining property depends upon other provisions of the municipal code and other proceedings not before us.''

This case was a proceeding in mandamus to compel the city to pay the amount of the assessment of compensation made by the jury.

We further cited in the same case, *Trustees C. S. Ry. Co.* v. *Haas*, 42 Ohio St., 239, where the court held that the failure of the corporation to pay and take possession of the land within six months was no bar to a proceeding by the corporation to appropriate the same property for the same public use, and that the case was governed by the same rule as in case of municipal corporations. This court, then proceeding in announcing its decision, said:

"We have said that we find upon the city's making the order in 1883 and taking possession of the property, that it was proceeding under the order for the appropriation, and was seeking to take the property by virtue of that appropriation, and we think the true rule is that the owner of the property had his election to waive the forfeiture of the city to take within the six months and to demand of the city the amount of compensation assessed by the jury at the time the city took possession in 1883; and that by the demand he made of the city for the award of the jury, and the bringing of this suit for the same, making no objection to the city opening the street, he ratified the appropriation and is entitled on the facts stated to recover the amount of the assessment made by the jury. The court below having so found, its judgment is affirmed.

"Question is made as to when interest should commence to run upon the assessment.

"The plaintiff below had the use of the property during the time from 1878 to 1883, with full right to dispose of or sell the same free from the order of appropriation, and at the time of taking the property in 1883, had the right to elect to take the compensation awarded or to have a new assessment made. We therefore are of the opinion, that interest should commence to run from 1883; and the court below having so found, we affirm the judgment in that respect."

That case went to the Supreme Court and was affirmed without report. *Toledo* v. *Groll*, 23 Bull., 220.

*Clark* v. *Cleveland*, 9 C. C., 118, is a case that is also applicable to this one, besides containing some good law. It was decided in Cuyahoga county in 1894, and was tried before Judges Baldwin, Caldwell and Hale, Judge Baldwin having sat in the case from which I read, *Toledo* v. *Groll, supra.* I will read the syllabus:

"After conditional judgment in favor of the plaintiff in error under 66 O. L., Section 537, p. 240, Revised Statutes, 2260, in appropriation proceedings against the city of Cleveland, he conveyed the lands in fee simple. Thereafter, and after the expiration of the six months provided for in that statute, and without any new appropriation contract, the city took possession of the land, but did not pay therefor.

"*Held:* The right of the vendor to receive the damages under the conditional judgment had ended, and the right of action for damages for the taking of the land accrued to the vendee."

It will be observed that the facts of the case are exactly like those of the case at bar. After stating the facts of the case, and after citing the case of *Toledo* v. *Groll,* 2 C. C., the court say:

"We think that was good law. The property owner had the election at the time of the city taking possession to determine how he would sue for the amount awarded him. We do not think that a *former* owner of that land, who had *parted* with that land by warranty deed in fee simple, had the right to make such election and require payment by the city to him for that land of which he had long ceased to be the owner. We are therefore of the opinion that when, after the six months expired, the city took possession of that ten feet, the right to recover for that was in Mercy J. Phillips, and not in Clarke. The decision of the court of common pleas is affirmed."

That sustains the position that the plaintiff in this case is the one authorized to sue; and so we hold.

Now, in regard to the statute of limitations. The title in this property being in Mrs. Weber, and she having the right of election when the property was taken, we think she should not be cut off short of twenty-one years (Section 4977, Revised Statutes), and that the six years statute (Section 4981, Revised Statutes), does not apply to the case.

It is claimed here that there had been a dedication of this property. We are clearly of the opinion that there had not been a dedication, or anything from which the jury could infer that there was a dedication. The statute (Section 2232, Revised Statutes, *et seq.*), provides that where land is taken for and used as a street, the compensation shall be made, but it does not say that it shall be first made. It is held by the Supreme

Court that the rule that applies to railway companies does not apply to streets. The city takes possession of a street. The owner of the property can not eject the city from the street, as we understand the case, and the only remedy that is left him is to seek to obtain the compensation which is allowed him; and we think in a case of this kind, any act like putting a sidewalk on the street which the city has a right to improve, and and we think in a case of that kind, any act like putting a sidewalk was laid down by order of the city or voluntarily by the owner, for the purpose of enabling persons passing on the street to use it, can not be construed into any act which shows an intent to dedicate the property to the public. The owner of the land does not waive his rights by any such act as that. To be a dedication there must be a clear intention to dedicate, and that evinced by acts that clearly show such intent to dedicate. We think no act of this kind can be construed to show any attempt to dedicate. Plaintiff in the case says that she never had dedicated. She went out to object when they came to open the street, but I think she did not go into that, or was not allowed to; at any rate, nothing further was said about it. She says her husband always during his life said he never would give any of his property, not even a shovelful, to the city.

We therefore hold that the judgment of the court of common pleas should be reversed and a new trial awarded.

*T. L. Gifford* for plaintiff in error.

*M. R. Brailey* and *J. P. Manton,* for defendant in error.