Com., to use, v. United States Fidelity and Guaranty Company.

*Albert J. Williams,* for rule; *D. Malcolm Hodge,* contra.

BROOMALL, J., August 22, 1930. — This is an action of assumpsit brought against the surety on the official recognizance of Thomas W. Allison, former

sheriff of Delaware County, for an amount alleged to have been received by the said sheriff during his term of office, which was due and payable to the County of Delaware, but which had never been paid over to said county. The statement of claim sets out in detail the various amounts alleged to have been received by Mr. Allison, and it claims thereon an aggregate of $8372.94, with interest from May 20, 1925. The affidavit of defense admits the essential averments of the statement of claim, but points out certain errors therein, so that the amount admitted to be due, if there had been no set-offs, would be $8183.75, with interest from May 20, 1925.

The affidavit of defense, however, sets up a counterclaim of $4780.84, which it contends should be set off against the aggregate of the plaintiff's claim.

The counterclaim and set-off arose out of the following alleged facts.:

That during the years 1922 and 1923 many felonies were committed in the County of Delaware, particularly in the City of Chester, and that as a result the County Commissioners of the County of Delaware "authorized, delegated and directed the defendant's principal, Thomas W. Allison, then sheriff of Delaware county, the highest peace officer of the county, to employ in their behalf detectives for the detection and apprehension of the persons who were charged with perpetrating said felonies; that in pursuance of said authorization, delegation and direction, the defendant's principal, the said Thomas W. Allison, sheriff of Delaware County, employed detectives from the Bryant Detective Agency to investigate and apprehend those charged with perpetrating the felonies as aforesaid;" that as the work of investigation and apprehension progressed, the said Thomas W. Allison, sheriff of Delaware County, paid from his official sheriff's account to the Bryant Detective Agency on one occasion the sum of $2575, for which he was subsequently reimbursed by the County Commissioners of the County of Delaware; on another occasion, the sum of $2575.79, for which he was subsequently reimbursed at his request by the County Commissioners of the County of Delaware; and a third payment, on April 7, 1924, of $4780.84, also from his official account, for which third payment he requested payment from the county commissioners, but the county commissioners refused to reimburse him. The defendant's counterclaim as surety of Mr. Allison is for this $4780.84, which the defendant asks to have set off against the plaintiff's claim. The plaintiff has entered a rule for judgment for want of a sufficient affidavit of defense, and alleges as the ground for asking for judgment that the counterclaim above suggested was a claim of Thomas W. Allison in his individual capacity, and, therefore, cannot be set off in a suit brought as a result of what he received in his official capacity as sheriff; and, secondly, that the county commissioners had no right to delegate the employment of detectives to the sheriff or to anyone else.

Defendant's counsel admit the validity of the principle contended for by the plaintiff, that the private claim of a public officer or of his estate cannot be set off against a claim made against a sheriff in his official capacity; but the defendant contends that the set-off advanced by the defendant was not a private claim of Sheriff Allison, but was a claim made for services performed in his official capacity.

We think that the principle set up by the plaintiff has been generally recognized: Wilson v. Lewistown Borough, 1 W. & S. 428; Fitch's Appeal, 10 Pa. 461; Todd v. Patterson Borough, 55 Pa. 496.

And we think that the plaintiff is correct in contending that the defendant's set-off is a private claim and not a claim of the sheriff in his official capacity. Defendant does not contend that the sheriff, by reason of his official position, had the right himself to employ detectives and to charge the expense of their

employment to the county; and if such claim was made, we feel that it could not be sustained, as there is nothing in the laws relating to the duties of the sheriff, so far as we have been able to ascertain, that would in any manner justify such a claim. The defendant contends, however, that under the provisions of the Act of April 4, 1919, P. L. 41, the county commissioners had the right to employ detectives for the apprehension of felons, and that, having decided that such employment was necessary, they might delegate the power to select particular detectives and to control their employment to another. We think that there is decided doubt as to the right of the county commissioners to delegate the employment and the control of the employment of detectives to others; but, under our view of the other question, the determination of this point becomes unnecessary. If the sheriff had not the right, of his own motion, to employ detectives and to make the county liable for the cost of their employment, then clearly such employment was no part of his official duty, and if, at the instance of the county commissioners, he did employ detectives and did pay them, that fact would not make such acts any part of his official duties. The county commissioners had and have no control over the sheriff in the discharge of his official duties, and they could not by action or inaction on their part either increase or diminish the scope of his duties. When they delegated to him the authority to employ these detectives, even though they selected him on account of his official position, this selection simply made him their agent. Any indebtedness to the detectives, where he was acting as their agent, would be primarily the indebtedness of his principals and not of himself; and if, by reason of his failure to disclose his principal, he made himself personally liable to the detectives for their pay, any claim that he might present against the county by reason of paying the detectives would be his private claim and not his claim as sheriff against the County of Delaware. The fact that he made payments out of his official account, even though made in good faith, as may well be the case, would not in any manner control the question, particularly as the counterclaim does not allege or suggest that the fact that he was paying the detectives from his official account was known to the county commissioners or was ever in any manner approved by them.

In the very able brief filed by the learned counsel for the defendant, it is admitted that "if Sheriff Allison had had a claim against the County of Delaware for damages occasioned his private real estate by reason of the taking of a portion of it for road purposes by the county and it was attempted to set off such a claim in the above case, the plaintiff's contention would be well taken." In effect, that is just what is attempted here. If, instead of paying three bills of a detective agency from his official account, Sheriff Allison had recognized and settled claims against the County of Delaware for three separate pieces of real estate taken for road purposes, had at one time paid himself from his official account for the first piece and had then been reimbursed by the county commissioners, and had placed the sum that they paid him back in his official account, had repeated that transaction in regard to the second piece of real estate, had again been reimbursed, and had again replaced the sum in his official account, and had then similarly paid himself from his official account for the third piece of land and the commissioners had then refused to reimburse him, the situation would be identical with that which under the pleadings exists before us at present. The defendant admits that in the case of a real estate claim for damages such a set-off as is claimed here could not be admitted. We can see no distinction in principle between that condition and the present one; and we think that the same principle applies.

In Fitch's Appeal, *supra*, the claim of the sheriff was for services performed for the defendant in an execution in connection with that execution, yet there the Supreme Court held that what he did created merely a private claim against the defendant and not one that would give him any claim whatever on the proceeds of the sale which was subsequently held under the execution in his hands. Again, we can see no distinction in principle between that case and the instant one; and it follows, therefore, that the pending rule must be made absolute.

And now, August 22, 1930, the rule for judgment for want of a sufficient affidavit of defense is made absolute to the extent of $8183.75, with interest thereon from May 20, 1925. From William R. Toal, Media, Pa.