## Chambers *against* Miller.

A receipt, given in fraud of a plaintiff by his attorney for the amount of a judgment without actual payment, and in consideration of a private transaction of the attorney with the defendant, is inoperative against the client.

ERROR to the county of *Clearfield.*

David Miller against Isaac Chambers. *Scire facias post annum et diem* to revive a judgment. The defendant gave in evidence on the trial, the receipt of D. G. Fenton, attorney for plaintiff, written upon the *fieri facias* which had issued upon the judgment for the amount of the debt, interest and costs.

The plaintiff then gave in evidence a judgment of Isaac Chambers against D. G. Fenton, with proof that Chambers had not paid the judgment of David Miller, but had entered satisfaction upon his own judgment against Fenton, and taken credit for so much upon the *fieri facias* of Miller, by an agreement to that effect: and Fenton received the balance and gave a receipt in full.

The court below (Burnside, President) instructed the jury, that to the amount of the judgment of Chambers against Fenton, thus set off, the transaction was fraudulent, and that the plaintiff was entitled to recover.

*Wallace,* for plaintiff in error, cited, 4 *Watts* 420.
*Blanchard,* contra; whom the court declined to hear.

The opinion of the Court was delivered by

GIBSON, C. J.—An attorney has authority to receive his client's debt in the ordinary course; but it must be through a medium not necessarily embarking it in his private transactions; which would be a breach of his trust. A collusive payment, which is essentially an act of embezzlement by the receiver, lets down the debtor to the level of the fraudulent attorney; and in Irwin *v.* Workman, 3 *Watts* 357, even a meritorious attorney was prevented, on principles of policy only, from interposing betwixt a client and his money, a claim entitled to peculiar favour. In Miles *v.* Richwine, 2 *Rawle* 199, a constable was prevented from paying an execution in his hands with his own debt, by defalcation of it from an execution against him, in the hands of the defendant, who was also a constable: and in what respect is the principle inapplicable to an attorney? In each case, the officer is bound by a trust; on the part of the attorney, a sacred one; and policy requires that there be no tampering with it. Beyond the dispensation of exact justice in the particular case, it is the business of the law to bind mankind to an elevated and a stern morality, by

making the consequences of a departure from it, as disastrous as possible. The direction was in accordance with this principle; and we perceive nothing in it which requires correction.

Judgment affirmed.