Glazer, Appellant, *v.* Sanet.

Argued October 5, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Jacob Weinstein,* and with him *Ellis Rudman,* for appellant, cited: Acme Manufacturing Company v. Reed, 181 Pa. 382; Brookville Title Co. v. Beaver Trust Co., 258 Pa. 139; Turbett Township Overseers v. Port Royal Borough, 33 Pa. Superior Ct. 520; Commonwealth v. Hafner, 89 Pa. Superior Ct. 173; Brennan's Estate, 65 Pa. 16.

*B. D. Oliensis,* and with him *Louis I. Bilgor,* for appellee, cited: Park Brothers v. Boiler Works, 204 Pa. 453; Snyder v. Butz & Clader Co., 7 D. & C. 398.

OPINION BY KELLER, J., December 13, 1928:

Appellant brought this action of assumpsit in the Municipal Court. The writ was duly served on the defendant by the sheriff, on September 12, 1927, "by handing a true and attested copy to an adult member of his family at No. 2124 S. 6th St., in the County of Philadelphia, State of Pennsylvania, the dwelling house of the defendant."

A plaintiff's statement was filed, endorsed with the notice to the defendant required by the Practice Act of 1915, P. L. 483, Sec. 10, which was signed by plaintiff's attorney. On the original statement on file in the prothonotary's office appears the following affidavit of service: "Joseph Solari, being duly sworn (or affirmed) according to law, deposes and says that on the 12th day of September, 1927, he duly served a copy of plaintiff's statement of claim, filed in the above case, with a notice endorsed thereon to file an

affidavit of defense to said statement within fifteen (15) days from the service thereof, by handing same to an adult member of his family at 2124 S. 6th St., in the County of Philadelphia, State of Pennsylvania.

Joseph Solari.

Sworn and subscribed before me this Sep. 19, 1927,

James Feaney,
Notary Public.''

No affidavit of defense was filed and on November 14, 1927 judgment was entered for want of an affidavit of defense for $276.25, and execution issued the same day.

On December 12, 1927 on petition of the defendant a rule was entered to show cause why the said judgment should not be stricken off, which the court, after answer and hearing, made absolute.

The grounds on which the application to strike off was based were that the affidavit of service of the statement filed of record was defective and insufficient to support the judgment because it showed on its face that service of the statement had not been made on the defendant as required by law and in accordance with the statutes and rules of court in such case made and provided, in that, (1) the affidavit did not show that the copy served was a 'certified' copy, and (2) the affidavit failed to assert that 2124 S. 6th St., Philadelphia, where the copy was left with an adult member of the defendant's family, was the dwelling house of the defendant.

Rule 6 of the Municipal Court provides, inter alia, that ''a certified copy of the statement of claim shall be served within thirty (30) days after the return day of the writ on each defendant''; and Rule 93 of the Court of Common Pleas, (applicable to the Municipal Court by section 12 of the Act creating it—July 12, 1913, P. L. 711, 716—and Rule 1 of said court) provides: ''Except where an Act of Assembly or rule

of court otherwise directs, all notices, pleadings and papers required to be served on the adverse party shall be served on his attorney of record, if he has one, and, if not, then on the party himself, in the manner provided by law for the service of a summons; if he cannot be thus served, then by registered letter.''

The Act of July 9, 1901, P. L. 614, relating to the service of process, provides inter alia, that the writ of summons may be served on the defendant ''by handing a true and attested copy thereof to an adult member of his family, at his dwelling house.''

The lower court made the rule absolute with reluctance, stating that the record disclosed a prior application to open the judgment which showed no reason for failure to file the affidavit within the time prescribed by law; but that it felt obliged to strike off the judgment as a legal duty for the reasons above stated even though satisfied that ''the rule was taken as a technical subterfuge to escape the penalty of a default judgment''; relying on the authority of Lehigh Valley Ins. Co. v. Fuller, 81 Pa. 398. But the service referred to in that case was service of the writ, which was the beginning or foundation of the suit or process, and which had to be made by the sheriff, whose return, under the law, must show on its face, a legal service: Benwood Iron Works v. Hutchinson, 101 Pa. 359, 362. It has never been held that subsequent papers, pleadings, motions, etc., filed in the course of the suit had to be served on either the adverse party or his attorney by the sheriff (Gorman v. Hibernian B. & L. Assn., 154 Pa. 133, 134) or were obliged to be self sustaining, on their face, as to service on the adverse party on peril of invalidating a judgment entered in the case; and we do not understand that Rule 93 of the Court of Common Pleas has this effect. The Practice Act of 1915 does not specifically direct that the plaintiff's statement shall be served on the defendant; it does so inferentially when it requires

the defendant to file an affidavit of defense within fifteen days "from the day when the statement was served upon him"; but it does not prescribe the person who 'shall serve it or the manner of service, and Rule 93 before-mentioned supplies only the manner of service and is silent as to the person by whom it shall be served, either on the attorney of record, if there is one, or on the party himself, if there is not, and also as to how proof of service is to be made. Hence the plaintiff himself, his attorney or any agent selected by him is competent to serve it. If the sheriff is selected to make the service he does it, not in his official capacity as sheriff, but as agent for the plain-tiff. Having served it, he does not make an official 'return' of service, which is conclusive on the parties, but merely an affidavit of service, which not being an official return, is open to explanation, correction and contradiction: Hopkins v. Forsyth, 14 Pa. 34, 37. An incorrect affidavit of service would not support a suit on his official bond for a false return: Ibid, p. 37. The defendant may, by proper application, satisfy the court that the affidavit of service is incorrect and have set aside any order or judgment based thereon made or taken against him by default; but in the absence of such application and satisfactory proof the law would presume that the apparent defect in the affidavit had been supplied by other proof satisfactory to the court: Dewar v. Spence, 2 Wharton 211, 222. The consequences, otherwise, of a slip in the preparation of an affidavit of service would be too serious; while a defendant may always be relieved against an order or judgment secured against him by default without compliance with the statute or rule of court on which it is based. If, in fact, a certified copy of the plaintiff's statement was served on this defendant at his dwelling house on September 12, 1927, the judgment was properly entered for his default in failing to file an affidavit of defense. If it was not,

judgment should not have been so entered. But the affidavit of service was not conclusive as a sheriff's return of the original writ would be, and as before said could be corrected or contradicted. Hence the judgment by default does not have to stand or fall by the precise words used in the affidavit of service.

Defendant does not aver that No. 2124 S. 6th St. is not his dwelling house. The sheriff's return to the writ states that it is. He does not aver that the copy served on him was not certified, which we take it, would amount to a 'true and attested' copy. He insists on extending to the affidavit of service of pleadings and subsequent papers in a case the legal rule in force as to the return of service of writs by the sheriff. This, as we have seen, is not the law. The reasons which led to the rule that the return of the sheriff as to the service of writs issued by the court must show on its face a legal service, do not have the same force as to the service of pleadings, and subsequent documents and notices, other than court writs. As this may be done by any one, without the security of an official bond, the party alleged to be served is not concluded by the affidavit and may prove its falsity; and if informal, it may be corrected to accord with the facts. The technical attributes of a sheriff's 'return' do not apply to such an informal affidavit of service.

In this view of the case, as there is no denial by the defendant of the service on him in the manner provided by rule of court of a certified copy of the plaintiff's statement, the judgment should not have been stricken off.

Order reversed and judgment reinstated.