## Coleman Dining Car Co. v. Walsh et al

*Mackie, Murphy & Law*, for plaintiff.
*Daniel H. Jenkins*, for defendants.

EAGEN, J., July 14, 1943.—This is a motion to strike off a judgment entered in an assumpsit action for failure to file an affidavit of defense. Defendants allege that a copy of the statement of claim was never served upon either of them or upon anyone on their behalf and the affidavit of service is inadequate and untrue. The return of service is as follows:

"Stephen Metrinko being duly sworn according to law, deposes and says that he personally served Mr. Walsh at Walsh's Diner on the Moosic Road, Moosic, Pa., on the 10th day of October, 1941, by personally handing to him a true and attested copy of the statement of claim and informing him of the contents therein."

Plaintiff not only must file his statement of claim with the prothonotary but must serve a copy thereof on defendant, otherwise no judgment for want of an affidavit of defense against defendant may be taken: Pennsylvania Sales Co. v. Troutman, 3 D. & C. 371; 3 Standard Pa. Practice 195, 196, §86, Glazer v. Sanet, 94 Pa. Superior Ct. 480. In actions against several defendants, it is necessary to serve a copy upon each: Lentz v. Carey et ux., 8 Kulp 259. The practice statutes do not direct who is to make the service. The return thereof is not conclusive on the parties, is not an official return even if made by the sheriff, and is open to explanation, contradiction, or correction: Hopkins v. Forsyth, etc., 14 Pa. 34.

Therefore, in this action it would appear that the record is not in shape for decision. Depositions should be taken in order that the court may determine the true facts as to service. We are unable to ascertain from the return itself whether or not the service was sufficient and proper. Since defendants deny service a question of fact arises which can be decided only when proper proof is submitted.

Wherefore, July 14, 1943, the rule heretofore granted is continued until such time as depositions are taken

and filed from which the court may determine whether or not defendants or either of them were properly served with the statement of claim.