## Jones v. Lennox, Sheriff

*George B. Ross,* for plaintiff.
*Bartram A. Owen,* for defendant.

MAWHINNEY, J., November 28, 1952. — This action involves the validity of an additional charge in the amount of $1.25 made by the Sheriff of Philadelphia County for service of complaints in actions where the complaint is used as original process.

Plaintiff instituted an action in trespass against the Yellow Cab Company on July 11, 1952, in the Court of Common Pleas No. 4 of Philadelphia County by filing a complaint with the prothonotary. On July 15, 1952, a true copy of the complaint was handed to the fee clerk in the office of the Sheriff of Philadelphia County for service upon the Yellow Cab Company. Plaintiff's attorney tendered to the clerk the sum of $3.10 in payment of costs of serving the complaint. The sheriff, through his clerk, refused the tender of $3.10, and, as a condition precedent to serving the complaint demanded the sum of $4.35, the additional charge of $1.25, representing 75 cents for service of the complaint and 50 cents for notarial fee for an affidavit of service.

On July 30, 1952, plaintiff instituted this action in mandamus, to compel the sheriff to serve the Yellow

Cab Company upon payment by plaintiff of the sum of $3.10. Defendant (sheriff) filed an answer to the complaint in mandamus admitting the facts alleged by plaintiff and averring that the sheriff was entitled by law to the additional fee demanded. Plaintiff then moved for judgment on the pleadings, and it is this action we are now considering.

The matter of sheriff's fees is governed by the Sheriff's Fee Bill Act of June 1, 1933, P. L. 1141, sec. 1, 16 PS §2661(a). This act provides, in pertinent part, as follows:

"After two months from the passage of this act, the fees and costs, including commissions and mileage, to be charged and received by sheriffs in this Commonwealth from parties or counties requiring their services shall be as follows:

"(a) For receiving, docketing, and making return thereof, for each . . . summons . . . or official notice of any kind in any civil action . . . , issued out of any court or required by law or rule of court, one dollar.

"For serving any such writ, process or official notice required to be served by the sheriff, personally or by copy served or posted, one dollar and fifty cents and mileage. . . .

"For making each copy served or posted, forty cents. . . .

"For serving any writ, official notice, petition, rule, decree, process, or order of court, or copy thereof, not herein specially provided for, he shall charge and receive the same official fees and legal costs, including mileage, as for a writ served in a similar way, as hereinbefore provided, in addition to any fee of the prothonotary chargeable against the sheriff in relation thereto; but no charge shall be made for any affidavit of such service, except the fee of the notary or other official administering the oath or affirmation thereto. For tak-

ing an affidavit, one person, fifty cents; two persons, seventy-five cents; three or more, one dollar. . . .

"(n) For the executing of any matter directed to the sheriff, or required by law or rule of court, the performance of which is not herein mentioned, the sheriff shall receive the same official fees, commissions and legal costs, including mileage, as for similar service herein specially provided for."

The $3.10 tendered by plaintiff, therefore, covered the following charges specifically authorized by the sheriff's fee bill of 1933:

| | |
|---|---:|
| Receiving, docketing and making return | $1.00 |
| Service | 1.50 |
| Making copy of writ | .40 |
| | $2.90 |
| Mileage | .20 |
| | $3.10 |

Prior to January 1, 1947, it was possible to commence an action in assumpsit or trespass solely by the issuance of a writ of summons. It was the sheriff's duty to serve this writ upon defendant, and for his services he was entitled to the charges specifically set forth in the sheriff's fee bill. It was also necessary for plaintiff, at the time of issuance of the writ or at some later date, to file of record a statement of claim. A copy of the statement of claim had to be served upon defendant by plaintiff's attorney or his agent. Frequently the plaintiff's attorney elected to have the statement of claim served by the sheriff, although he was not required to do so. In serving the statement of claim, the sheriff acted not in his official capacity, but as agent of plaintiff. He did not make an official return of service but merely filed an affidavit of service. See Glazer v. Sanet, 94 Pa. Superior Ct. 480 (1928).

As agent for plaintiff in making service of the state-

ment of claim, the sheriff charged a fee comparable with the charge made by other private agencies engaged in the business of serving process, namely 75 cents for each service, plus 50 cents for the affidavit of service.

Pursuant to the Act of June 21, 1937, P. L. 1982, sec. 1, as amended March 30, 1939, P. L. 14, sec. 1, 17 PS §61, the Procedural Rules Committee adopted Pa. R. C. P. 1007, effective January 1, 1947. This rule provides:

"An action may be commenced by filing with the prothonotary

"(1) a præcipe for a writ of summons,

"(2) a complaint, or

"(3) an agreement for an amicable action"

Under this rule it is clear that the complaint is now a form of original process.

The Sheriff's Fee Bill Act of 1933, never having been amended, it of course makes no specific reference to the complaint as original process; nor does it specify the charge which the sheriff may make for service of the complaint. It is defendant's contention that, where an action is commenced by the filing of a complaint, the complaint is served in the dual capacity of process and pleading. Therefore, the sheriff avers that he is entitled to the charge set forth in the fee bill for serving the complaint insofar as it is original process, and is entitled to a further charge in the amount of $1.25 for serving the complaint *as a pleading*. Thus, he claims that in serving the complaint, he is serving two things —process and the plaintiff's initial pleading, albeit both are embodied in one physical instrument; and that since the fee bill makes no provision for the charge to be made for service of plaintiff's initial pleading, he is entitled to make the customary charge of $1.25 for serving a pleading in accordance with prior practice.

We cannot agree with defendant's contention. The

Fee Bill Act of 1933 provides specifically for the "fees and costs . . . to be charged and received by sheriffs in this Commonwealth from parties or counties *requiring* their services."

The complaint, when used as original process, is required to be served by the sheriff: Pa. R. C. P. 1009. In serving the complaint the sheriff is no longer acting in a private capacity as agent of plaintiff, but is performing a duty required by law. He is therefore entitled to only the charges provided in the sheriff's fee bill. See Irwin v. Northumberland County Commissioners, 1 S. & R. 505 (1815) ; In re Appeal of Clifford Saylor, Sheriff of Somerset County, 8 Somerset 8 (1936) ; Albright v. Bedford County, 106 Pa. 582 (1894). Statutes relating to compensation of public officers must be strictly construed, and such officers are entitled to only what is clearly given by law: In re Appeal of Clifford Saylor, Sheriff of Somerset County, supra.

The fee bill provides the specific charge the sheriff may make for serving any "writ, *process*, or official notice required to be served" by him. It cannot be disputed, nor is it denied by defendant, that the complaint is now "process" within the meaning of the bill. The fee bill also specifically provides that for serving any writ, official notice, petition, rule, decree, *process*, or order of court, or copy thereof not specially provided for, the sheriff shall charge the same fees and costs as for writs expressly provided for. Defendant contends that these provisions are a limitation on the charges he may make for serving the complaint *as process*, but that he may continue to make additional charges for serving a complaint *as a pleading*. We cannot indulge in such a strained interpretation of the statute. In performing his official duty in serving the complaint, the sheriff is entitled to those charges, and *only* those charges, provided for in the Sheriff's Fee Bill Act of

1933. To hold otherwise would be to open the door wide to all sorts of charges by public officers notwithstanding the specific statutory limitations.

However reasonable the sheriff's charge may be, it is not for us to condone it if it contravenes the express limitation of a statute. Such a matter is one for the legislature.

It should be also noted that the sheriff is now required by law to make a return of service of the complaint: Pa. R. C. P. 1013. There is therefore no longer any need for the filing of an affidavit of service of the complaint, and no justification for the notarial fee for affidavit of service in the amount of 50 cents demanded by the sheriff in addition to the charges prescribed in the sheriff's fee bill.

There being no disputed questions of fact in the case, it follows from the above discussion that plaintiff's motion for judgment on the pleadings should be granted.

### Order

And now, November 28, 1952, judgment is hereby entered in favor of plaintiff, and defendant is commanded to serve the complaint in trespass issued out of Court of Common Pleas No. 4 of Philadelphia County, June term, 1952, no. 3530, upon the Yellow Cab Company, upon payment to defendant of the sum of $3.10.