## WEAVER v. SPRINGER.

### December 17, 1836.

*Rule to show cause why the service of a writ of summons should not be set aside.*

Under the act of 13th June, 1836, the return of a sheriff to a writ of summons " summoned by leaving a copy at place of residence," is insufficient, and on motion will be set aside.

The sheriff must return not only the *time,* but the *mode* of service of the writ according to the requisitions of the act.

Of the four modes of executing a writ of summons.

THIS was a summons in case issued to November return day of September term, 1836. The return day was the 7th day of the month.

[Weaver v. Springer.]

The return of the sheriff was as follows:

" Summoned by leaving a copy at place of residence.

" October 24, 1836."

The defendant obtained a rule to show cause why the service of the writ should not be set aside, upon the ground that the sheriff in his return had not sufficiently stated the MANNER in which the service of the writ was made.

The 2d section of the act of 13th June, 1836, (*pamp.* 572,) is in these words :

" A writ of summons shall be executed by reading the same in the hearing of the defendant, or by giving him notice of its contents, and by giving him a true and attested copy thereof; or if the defendant cannot conveniently be found, by leaving such copy at his dwelling house, in the presence of one or more of the adult members of his family ; or if the defendant resides in the family of another, with one of the adult members of the family in which he resides."

The 38th section is in these words:

" The sheriff or other officer serving any writ of summons, shall in all cases state in his return the time and manner in which the service thereof was made."     (*Stroud's Purd. tit. Action.*)

*I. Norris,* for the rule.

*Tarr* and *Williams,* contra.

The opinion of the Court was delivered by

PETTIT, *President.*—The 2d section authorizes either of two modes of personal service : the one " by reading the writ in the hearing of the defendant," and the other " by giving the defendant notice of the contents of the writ, and by giving him a true and attested copy thereof."    It also authorizes, if the defendant cannot conveniently be found, either of two modes of executing the writ by leaving a copy: the one " by leaving a true and attested copy at the defendant's dwelling house, in presence of one of the adult members of his family ;" and the other if the defendant resides in the family of another, " by leaving a true and attested copy at the house in which the defendant resides, with one of the adult members of the family in which he resides."

The question now submitted appears to be, whether the return of the sheriff is sufficiently made, when he states a *personal service,* without particularly specifying *which* of the *two* modes of personal

[Weaver v. Springer.]

service; or when he designates an execution of the writ by *leaving a copy*, without detailing by *which* of the *two* modes of service by leaving a copy.

The legislature have thought it proper to point out with precision four modes of executing a writ of summons. They have presumed it to be practicable for the officer to pursue one of these four modes thus carefully described, and they have expressly required him in all cases to state in his return not only the *time*, but the *manner* of service. The injunction is so clear, that without any inquiry or speculation in regard to the motives which induced the passage of the law, it would seem to be the obvious duty of the officer to yield, and of the court to exact, obedience.

The framers of the act of 1724–5, probably contemplated a certificate of the sheriff in relation to the time and manner of serving a writ of summons, much more precise and special, than the general return of " *summoned*" or " served," which, owing to the peculiar phraseology employed in that law, obtained in practice under it. The provisions of the act of 13th June, 1836, were plainly designed to guard against any obscurity in the regulations upon this subject, and it is for the judicial tribunals to give full effect to the evident legislative intention and direction.

But there are sound reasons why the mode of executing a writ of summons should be distinctly stated. In default of an appearance, the court may be called upon by the plaintiff to allow a judgment against the defendant: and before thus visiting a party with the penalty of a default, common and equal justice may demand that it should be unequivocally exhibited to the court by the record that the writ was served on a proper day and in a legal manner; while strict attention to the form of the return will do much to prevent remissness or negligence on the part of the officer charged with the important duty of executing the writ.

The suggestion that it may not be easy for the officer to ascertain, as to a service by leaving a copy, whether the place is the dwelling house of the defendant or the residence of another in whose family the defendant lives, and, in either case, to find an adult member of the family, is answered by the fact that the legislature have assumed the feasibility of the sheriff's performing such a duty, and have devolved the responsibility of it upon him. It may be added, too, that with ordinary intelligence and reasonable diligence in the officer, and with the aid of such direction as

can be procured from the plaintiff, it is not probable that any real difficulty will occur in practice in carrying into effect the purpose of the law.

Rule absolute.