## Lehigh Valley Insurance Co. *versus* Fuller *et al.*

1. To a scire facias in an attachment execution issued in one county against an insurance company as garnishees in another, the officer returned that he served the writ " by giving a * * * copy * * * to C., agent of the garnishees, and by summoning him as garnishee and by making known to him the contents thereof." Judgment was taken by default against the garnishees : *Held*, that under the Act of May 4th 1852, the service being *personal* on the agent, it was not sufficient.

2. Under the Act of 1852 the service must be " at the usual place of business or residence " of the agent and in no other way.

3. The return must show on its face a legal service.

4. In a rule to open the judgment, depositions were taken to show that the person served was not agent of the garnishees ; the rule was discharged. *Held*, that the depositions were no part of the record and the Supreme Court could not inquire as to whether the person served was an agent on whom process could be served.

5. The decision of the court below on the rule to open the judgment could not be reviewed in the Supreme Court.

March 16th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Mayor's Court of the city of *Scranton :* Of January Term 1876, No. 87.

This was an attachment execution in which G. A. and I. F. Fuller were plaintiffs, H. Krause, defendant, and the Lehigh Valley Insurance Company garnishees.

The plaintiffs, having a judgment against the defendant, issued an attachment execution in which the Lehigh Insurance Company were garnishees.

The return of the marshal of Scranton to the writ was :—

" Attached, as within commanded, by giving a true and attested copy of the within writ November 25th 1872, at 6.30 P. M., to C. Soellner, agent Lehigh Valley Insurance Company, and by summoning *him* as garnishee, and by making known to him the contents thereof, and same time by like copy to Henry Krause, the within named defendant, and by making known to him the contents thereof."

A judgment was taken by the garnishees by default for want of an appearance for $351.44, and an execution issued against the garnishees April 15th 1875.

On the 24th of May 1875, a rule was taken to show cause why the judgment should not be opened and the garnishees let into a defence, &c.

The affidavit on which the rule was granted averred that the agent, Soellner, had never been served with the writ, &c. ; that, at the time the writ purported to have been served, he was not agent for the company.

Evidence was taken by depositions to establish the averments of the affidavit. The rule was discharged.

By the Act of May 4th 1852, sect. 1, Pamph. L. 574, 1 Br.

[Lehigh Valley Ins. Co. *v.* Fuller.]

Purd. 43, pl. 7, " When any person or persons, being residents of this Commonwealth, shall engage in business in any other county than the one in which he, she or they shall reside, and not being in the county at the time of issuing such writ or process, it shall be lawful for the officer charged with the service thereof, to serve any writ of summons or any other mesne process upon the agent or clerk of any such defendant, at the usual place of business or residence of such agent or clerk, and to have the same effect as if served upon the principal personally."

The garnishees removed the record to the Supreme Court by writ of error, and assigned amongst others the following errors :—

3. Because there was no service upon the garnishees or a proper officer of the company.

4. Because the marshal's return does not show a service upon the garnishees, and does not set forth what property, rights or credits of H. Krause were attached in the hands of the Lehigh Valley Insurance Company.

5. Because the garnishees are not a corporation within the city of Scranton, and therefore beyond the jurisdiction of the mayor's court.

8. Discharging the rule

*H. C. Hunsberger* (with whom was *W. H. Gearhart*), for plaintiffs in error.—The writ that may be served on an agent in another county is the original writ on the commencement of an action : Act of April 8th 1851, sect. 6, Pamph. L. 354, 1 Br. Purd. 287, pl. 31. An attachment in execution is not the commencement of an action, neither is the scire facias the original writ. It is in substance, if not in form, an execution : Wray *v.* Tammany, 1 Harris 394 ; Newlin *v.* Scott, 2 Casey 102 ; Kase *v.* Kase, 10 Id. 131. This process should issue from the court of the county where the garnishee resides : Cowden *v.* West Branch Bank, 7 W. & S. 432.

*D. C. Harrington* (with whom was *E. N. Willard*), for defendants in error.—The Lehigh Valley Insurance Company were doing business in another county of the state, and service on the agent, located in the city of Scranton, was good under the Act of 1852 : Landis *v.* Lyon, 21 P. F. Smith 475 ; Bancord *v.* Parker, 15 Id. 336.

Mr. Justice SHARSWOOD delivered the opinion of the court, May 8th 1876.

The decision of the court below upon the motion to open the judgment is not the subject of review here : Bunce *v.* Wightman, 5 Casey 335 ; Henry *v.* Brothers, 12 Wright 70 ; Ringwalt *v.* Brindle, 9 P. F. Smith 51 ; Bredon *v.* Gilliland, 17 Id. 34. Nor can we inquire into the question of fact whether Soellner, upon

whom the service of the writ was made, was an agent of the corporation garnishees, upon whom a lawful service could be made. The affidavits and depositions are no part of the record, and are not before us : Calhoun *v.* Logan, 10 Harris 46.

The only question which properly arises is as to the regularity of the judgment by default for want of appearance. That depends upon whether the return by the marshal showed a lawful service upon the garnishees. The defendants in error rest it upon the first section of the Act of May 4th 1852, Pamph. L. 574, entitled " An Act relative to courts in this Commonwealth." It provides " that when any person or persons, being residents of this Commonwealth, shall engage in business in any other county at the time of the issuing of such writ or process, it shall be lawful for the officer charged with the service thereof to serve any writ of summons or any other mesne process upon the agent or clerk of any such defendant at the usual place of business or residence of such agent or clerk, and to have the same effect as if served upon the principal personally."

Conceding that an attachment execution, with the clause of scire facias to the garnishee embodied in it, is a " summons or other mesne process," the legislature has seen fit to provide that the service shall be " at the usual place of business or residence" of the agent, and in no other way. A personal service is not sufficient. Why, it is not our place to inquire. *Ita lex scripta est.* It is clear that the return must show on its face a legal service : Winrow *v.* Raymond, 4 Barr 501 ; Wilson *v.* Hayes, 6 Harris 354 ; Weaver *v.* Springer, 2 Miles 42.

Judgment reversed.