## Snyder v. Butz & Clader Co.

*Practice, C. P.—Service of process—Sheriff's return—Residence—Superintendent—Acts of May 4, 1852, and July 9, 1901.*

1. The Act of May 4, 1852, P. L. 574, regulating service of process, has not been repealed by the Act of July 9, 1901, P. L. 614.

2. Defendants, by entering into and performing three separate contracts for the erection of three different buildings within a period of fifteen months in a county of which they are non-residents, do not engage in business therein within the meaning of the Act of May 4, 1852, P. L. 574, providing for substituted service upon non-resident defendants.

3. Statutory provisions for substituted service of process must be strictly construed and fully carried out to confer jurisdiction on the court, and the return must show on its face a legal service.

4. A failure of a return to state that defendants were not in the county when the writ issued is fatal, although it states that they were not in the county on the day on which the writ was served.

Motion for leave to amend sheriff's return of service. C. P. Schuylkill Co., March T., 1924, No. 312.

R. J. Graeff, for plaintiff; Roy P. Hicks, for defendants.

BERGER, J., Dec. 21, 1925.—The plaintiff brought an action on a contract against the defendants, Solomon Butz and Alvin H. Butz, as copartners, trading as Butz & Clader Co., engaged in the business of general contractors at Allentown, Pa. The manner of service upon the defendant is set forth in the sheriff's return as follows: "Served the within writ on Wayne Nester, Superintendent for Butz & Clader Co., at his residence in the Borough of Tamaqua, Pa., by handing him a true and attested copy thereof and making known to him the contents personally on Friday, Feb. 8, 1924. So answers, Roberts E. Jenkins, Sheriff." The defendants thereupon filed a petition setting forth that Wayne Nester, upon whom the writ was served, was on the day of its service merely in charge of construction work being done in the Borough of Tamaqua, Schuylkill County, Pa., by the defendants, and on Feb. 28, 1924, they obtained a rule to show cause why the service of the writ should not be set aside, on the ground that it was made contrary to the provisions of clause E, paragraph 1, section 1, of the Act of July 9, 1901, P. L. 614, entitled "An act relating to the service of certain process in actions at law, and the effect thereof, and providing who shall be made parties to certain writs." No answer was made by the plaintiff to the petition upon which the rule issued.

Snyder *v.* Butz & Clader Co.

On April 6, 1924, on motion of the sheriff for leave to amend his return of service, a rule was granted to show cause why the amendment should not be allowed. The proposed amendment reads as follows: "Served the within writ on Butz & Clader Company, the within named defendants, residents of the State of Pennsylvania, doing business in the County of Schuylkill, but not resident therein and not within the County of Schuylkill at the time of service, by handing a true and attested copy thereof to Wayne Nester, Superintendent for said Butz & Clader Company, at his residence in the Borough of Tamaqua, Pa., and making known to him the contents personally on Friday, Feb. 8, 1924. So answers, Robert E. Jenkins, Sheriff, W. B. McCool, Deputy Sheriff." The defendants made answer to this rule, setting up that they were not at any time engaged in business in Schuylkill County, and took depositions to support that allegation.

It has been clearly shown that both of the defendants, when suit was brought, were residents of Allentown, Lehigh County, Pennsylvania, where they maintain their only office and are engaged in the business of general contractors in the construction of buildings. They do all their letting of contracts, purchasing of materials, making up of pay-rolls, invoicing and billing at their office in Allentown. A warehouse is maintained at Allentown for the storage of appliances and equipment used by them in their business; and, whenever requisite, they send it wherever its use is required, and return it, after the construction work upon which it was used has been completed, to the warehouse at Allentown until its use is again required elsewhere. In short, all the business of the defendants is transacted through their office at Allentown, but the field of their activity is in eastern Pennsylvania and in other states. The prosecution of the work in carrying out their contracts is controlled and directed from their office in Allentown, by orders given to their superintendents in direct charge of the work of construction in the various localities where contracts are being performed.

The defendants entered into contracts at different times for the erection of three separate buildings in Tamaqua, which they completed in a period covering about fifteen months. Wayne Nester, one of their superintendents, living in Allentown with his family when the first of these contracts was executed, was made superintendent of construction in charge of the work in Tamaqua, with no other duties to perform than those relating to construction. Shortly before the commencement of the work of construction, he moved to Tamaqua, and during its progress he lived there with his family, but periodically went home to his permanent residence which he maintained in Allentown. His home in Tamaqua was for his temporary convenience merely, and its occupancy was without any intent to abandon his residence in Allentown, to which he returned immediately after the completion of his employers' work in Tamaqua. When service of the writ in question was made upon him, Feb. 8, 1924, he was superintending the erection of the Moose Building, which was being constructed under the second contract which the defendants engaged to perform in Tamaqua.

The plaintiff, by his rule for an amendment of the sheriff's return, seeks to bring himself within the requirements of section 1 of the Act of May 4, 1852, P. L. 574, regulating service, and which reads as follows: "That where any person or persons, being residents of this Commonwealth, shall engage in business in any other county than the one in which he, she or they shall reside, and not being in the county at the time of the issuing of such writ or process, it shall be lawful for the officer charged with the service thereof to serve any writ of summons or any other mesne process upon the agent or clerk of any

such defendant at the usual place of business or residence of such agent or clerk, and to have the same effect as if served upon the principal personally."

It seems to us that the plaintiff, by his motion to amend, has abandoned his contention that the service of the writ was good under the Act of 1901; but whether he so intended or not, the original return of service clearly shows that it is not good under that act: Kinney, to use, v. Stoer et al., 14 Dist. R. 131; Musselman v. Reese, 19 Dist. R. 249. Moreover, the Act of 1852, relating to service upon non-residents, has not been repealed by the Act of 1901: Clyde Coal Co. v. Neel, 15 Dist. R. 971.

The question for determination, therefore, is whether good service can be made on a non-resident defendant by serving his superintendent at his home in this county, maintained temporarily at the place where he was in charge of the erection of a building or buildings for his employer pursuant to his business of a general contractor. The answer turns upon whether or not the defendants, by entering into three separate contracts within a period of fifteen months for the erection of three different buildings in Tamaqua, Pa., engaged in business therein within the meaning of the Act of 1852, providing for substituted service upon non-resident defendants.

Statutory provisions for substituted service of process must be strictly construed and fully carried out to confer jurisdiction on the court, and the return must show on its face a legal service: Lehigh Valley Ins. Co. v. Fuller, 81 Pa. 398, 400. Measured by this rule, the proposed amended return of service fails to comply with the Act of 1852, in that it is stated therein that the defendants (non-residents) "were doing" business in the County of Schuylkill "and not within" the county "at the time of service," whereas the act authorizes service only upon non-resident defendants who "engage in business" in the county of service and are not in that county "at the time of the issuing of such writ." The writ issued Feb. 4, 1924; therefore, the failure of the proposed amended return to state that the defendants were not in the county when the writ issued is fatal, even though it is stated that they were not in the county on Feb. 8, 1924, the day upon which it was served.

The plaintiff's proposed amendment of the return of service is drawn on the theory that "doing business" and "engage in business" are synonymous terms; but in O'Brien v. Bartlett, Hayward & Co., 12 Dist. R. 746, von Moschzisker, J., sitting in the Common Pleas of Philadelphia, said that there is an essential distinction between what constitutes doing business in Pennsylvania, so as to require a foreign corporation to register here, and that which is an engaging in business by non-resident firms or corporations, so as to subject them to substituted service of process. He also held that the defendants in the case cited, residents of Baltimore, engaged in business there as a copartnership, did not engage in business in Philadelphia by making a contract in Baltimore with the United Gas Improvement Company of Philadelphia for the erection of a gasometer for that company in Philadelphia, and set aside the service made upon the foreman of the defendants, temporarily resident in Philadelphia, superintending the erection of the gasometer while in the employ of the defendants. The reasons he gave in support of the action taken, applicable here, are (1) that the person served was not in any sense the agent of the defendants to receive such service; and (2) that the place of business (Philadelphia) referred to in the return of service was in no sense the defendants' usual place of business.

Before a non-resident can be said to be engaged in business in our jurisdiction within the meaning of the several acts authorizing substituted service, he must transact therein some substantial part of his ordinary business, which

must be continuous, as opposed to transactions of a business nature which are merely casual or occasional. The mere fact that the defendants performed three contracts within a period of fifteen months in Tamaqua is insufficient to justify a finding that they were continuously engaged there in the transaction of a substantial part of their business. This conclusion is supported by Musselman v. Reese, 19 Dist. R. 249, wherein it was held that the employment of a man by the year to run a farm, by a non-resident owner thereof, is not conducting a business in which the non-resident owner is engaged within the meaning of the Act of May 4, 1852, or the Act of July 9, 1901; and by Fahs v. York Bridge Co., 18 Dist. R. 381, holding that the construction of a bridge in the execution of a contract by a non-resident defendant in Snyder County did not make the place where the bridge was being erected the defendant's "place of business" in the county, so as to authorize service in the manner provided by the Act of 1901. The motion must, therefore, fall.

And now, Dec. 21, 1925, motion to amend disallowed.

From M. M. Burke, Shenandoah, Pa.