Rogers, Appellant, v. Metropolitan Life Ins. Co.

506

Argued April 21, 1930.

Be-
fore TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-
NINGHAM, BALDRIGE and GRAFF, JJ.

*E. C. Higbee,* of *Higbee, Matthews & Lewellyn,* and
with him *F. C. Newcomer,* for appellant.—A sheriff
should be permitted to amend a defective or insuffi-
cient return: Shamburg v. Noble, 80 Pa. 158.

*Daniel S. Robinson,* of *Robinson & Robinson,* and
with him *Dale C. Jennings,* for appellee.—Where the
return of the sheriff shows no service, the defendant
is not brought into court and any judgment entered
in the proceedings should be stricken off: Park Bros.
v. Oil City Boiler Works, 204 Pa. 453; Dale v. Blue
Mountain Manufacturing Co., 167 Pa. 402.

OPINION BY KELLER, J., July 10, 1930:

The Constitution of this Commonwealth provides
(Art. XVI, Sec. 5): "No foreign corporation shall do
any business in this State without having one or more
known places of business and an authorized agent or

agents in the same upon whom process may be served." Our Supreme Court construing this section said in Carr v. Aetna Accident & Liability Co., 263 Pa. 87, 92, that an act of assembly providing that process against a foreign insurance company could be served only on the insurance commissioner would violate this provision; that, under it, a foreign corporation must have an authorized agent, upon whom process may be served, at every place in the Commonwealth where it carries on business. See also De La Vergne Refrigerating Machine Co. v. Kolischer, 214 Pa. 400, 409. It is admitted that the defendant company carries on business, through one of its branch offices, in Uniontown, Fayette County. The agent in charge of this branch office must be deemed the authorized agent of the company, upon whom process may be served, in the absence of a definite authorization or registration of some one else as the agent *in that place* upon whom process should be served.

The plaintiff brought an action against the defendant in Fayette County on a policy of life insurance, and took judgment by default for want of an affidavit of defense, no appearance having been entered or affidavit of defense filed by the defendant. About five months later the defendant entered an appearance de bene esse and moved to set aside the sheriff's return of service and strike off the judgment, because no valid return of service of the writ had been made by the sheriff. The return of the sheriff was as follows: "June 8, 1928. Served within writ on Metropolitan Life Insurance Company, a corporation, defendant, at Uniontown, Fayette County, Pennsylvania, by making known the contents thereof and by handing a true and attested copy thereof together with a copy of plaintiff's statement. Sheriff paid $2.90. So Ans. Thos. R. Aubrey, Sheriff."

This return was wholly insufficient to support the judgment. It failed to set forth any facts constituting

a valid service. The return must show a legal service, or will be set aside, (Winrow v. Raymond, 4 Pa. 501), carrying with it the judgment entered by default.

Two weeks after the defendant's motion was filed, the sheriff moved the court for leave to amend his return so as to read: "Served the writ of summons in the case styled in the caption hereof, June 8, 1928, on the defendant, Metropolitan Life Insurance Company, a corporation, by handing to John Davis a true and attested copy thereof, at the office or place of business of the defendant, in the Uniontown National Bank and Trust Company Building, Uniontown, Fayette County, Pennsylvania, he, the said Davis, being the agent of the defendant, and at the time being the person in charge of its office and place of business, and it being ascertained upon inquiry thereat that neither the president, secretary, treasurer, cashier, chief clerk, nor other executive officer of defendant corporation reside within the County of Fayette, and at the same time and place a copy of plaintiff's statement was handed to said Davis." The court refused to allow the return to be amended, holding that even if so amended it was insufficient to show a legal service on the defendant; and set aside the service of the writ and struck off the judgment.

We think the sheriff should be allowed to amend his return, and that the amended return sets forth a legal service on the defendant.

The sheriff acts on his own responsibility: Boas v. Updegrove, 5 Pa. 516, 519. His return cannot be contradicted in the action: Ben Franklin Coal Co. v. Penna. Water Co., 25 Pa. Superior Ct. 628; but he is liable on his bond for a false return. Hence he should be permitted to amend his return so as to conform to the facts: Maris v. Schermerhorn, 3 Wharton 13, 14; though he cannot be compelled to do so: Vastine v. Fury & Rockefeller, 2 S. & R. 426, 431. For his protection, therefore, he should be allowed to

amend a defective or insufficient return, so as to show the actual facts in connection with the service of the writ.

The amended return was in accord with the provisions of the Act of July 9, 1901, P. L. 614, section 1, subdivision 2 (e). The Act of July 9, 1901, supra, was not repealed by the Act of May 17, 1921, P. L. 682: Spector v. Northwestern Fire & Marine Ins. Co., 285 Pa. 464; nor by the Act of June 8, 1911, P. L. 710: Shambe v. D. & H. R. R. Co., 288 Pa. 240. Nor was it repealed by the Act of May 17, 1921, P. L. 789, as amended by Act of April 27, 1927, P. L. 476; and service on the defendant was not limited to the method prescribed by clause (g) of the second subdivision of section 1 of the Act of 1901—re-enacted in clause (h) of the amendment of April 3, 1903, P. L. 139. Under the constitutional provision first above quoted a foreign corporation must have an agent upon whom process may be served in every county in the Commonwealth where it carries on business; and a plaintiff who brings suit in a county where a foreign insurance corporation does business is not compelled to serve the process on a registered agent in some other county, or on the Insurance Commissioner (Act of May 17, 1921, P. L. 789, Sec. 210). He may do so, and these statutes declare such service valid, but he has a constitutional right to serve the process on the authorized agent of the defendant within the county if the defendant is doing business in that county, whether he is formally registered or not. Many of the acts of assembly cited to us have been repealed. Thus the Act of April 3, 1851, P. L. 353, Sec. 6, relied on by the appellant was specifically repealed, so far as it related to insurance companies, by the Act of May 17, 1921, P. L. 682, p. 778, and the Act of April 24, 1857, P. L. 318, and its amendment of May 13, 1889, P. L. 198, the provisions of which were re-enacted into section 344 of the Act of May 17, 1921, supra,

(p. 713)—(See Spector v. Northwestern Fire & Marine Ins. Co., supra), were likewise repealed by the latter act, pp. 778 and 781.

The return as amended declares that John Davis, upon whom the writ was served, was the agent of the defendant and, at the time, the person in charge of its office and place of business, thus distinguishing him from a mere solicitor or traveling agent. This may not be contradicted in this action. If false, the defendant may sue the sheriff for a false return. We also think that the amended return sufficiently states that inquiry was made and it was ascertained that none of the executive officers of the defendant company resided within the county.

We are not satisfied, however, that, in the circumstances here present, the effect of the amendment to the sheriff's return should be held to date back so as to validate the judgment. If a writ is improperly served a defendant is not bound to validate it by entering an appearance. He is only bound to appear to the writ if legally served; and the return of the sheriff is the sole means of establishing that. If the return of the sheriff is as defective and insufficient as it was in this case, a defendant is not required to enter an appearance and defend, but may attack the validity of any judgment by default founded upon the defective service. Where no intervening rights have accrued, he should have his day in court after a sufficient return of service is made by amendment. This case differs from the case of Shamburg v. Noble, 80 Pa. 158, relied on by the appellant. There the court below, following the defendant's motion to set aside the sheriff's return because not in accordance with law, held that it was valid and sufficient, and judgment was not entered by default for want of a sufficient affidavit of defense until after the discharge of the defendant's rule. The defendant then moved to set aside the judgment for the same reason, which motion was discharged. Sub-

sequently the sheriff was allowed to amend his return by a more detailed recital of the facts of service. The Supreme Court did not definitely hold that the first return was invalid. It only said that the court below had a perfect right, even after writ of error brought, to allow the sheriff to amend his return of service, as the record had not been removed and was still with the court below; and that the amended return was in strict conformity with the act of assembly; and it suggested that the court might properly have opened the judgment for cause shown. The defendant there had opportunity to defend after his rule was discharged and before judgment was entered.

When the motion to strike off the judgment was made in this case the judgment had no valid foundation in the return. It might have been set aside at once. If this had been done the subsequent amendment to the return would not have restored the judgment. Both parties would then have had their day in court after a valid return of service was made. That will be the effect of affirming the order striking off the judgment. The result would be practically the same as an opening of the judgment, which the court might have permitted without any abuse of discretion on the facts here presented.

In the appeal of Mary Rogers, (No. 87, April T., 1930), the order striking off the judgment is affirmed.

In the appeal of Thos. R. Aubrey, sheriff, (No. 88, April T., 1930), the order refusing to allow the sheriff's return to be amended is reversed and the amendment allowed.

The record is remitted with a procedendo.