## Hessling v. Peerless Oil Company of Delaware et al.

*Ira B. Rutherford*, for plaintiff.

*Clement J. Reap*, for defendants.

SWOYER, P. J., October 16, 1935. — Plaintiff having filed his statement of claim in the above-stated case, counsel for defendant corporation entered his appearance de bene esse and subsequently filed his motion to quash the summons and set aside service thereof. It is upon this motion and the rule granted thereon that the matter is before the court.

Defendant's motion recites five reasons wherefor service of the summons should be set aside, four of which set forth that the said summons was not served in accordance with the provisions of the Act of April 3, 1903, P. L. 139, nor with those of the Act of July 9, 1901, P. L. 614. The remaining reason, being no. 4 of the prepared motion, sets forth:

"That service of the summons in the within case is authorized on an agent only when no executive officer can be found at the office or place of business of the defendant corporation."

It is not set forth in the motion, nor averred elsewhere

in the pleadings, that the defendant is not a foreign corporation doing business in Pennsylvania and in Wayne County, or that M. L. Kennedy, upon whom the summons was served, was not an agent or employe of the said defendant corporation.

Plaintiff in his answer contends that service of the summons was made under the provisions of the Act of April 8, 1851, P. L. 353; that said act remains unrepealed and that service of summons under the provisions thereof is valid.

There remain, then, for our determination only the two questions: (1) Has the Act of April 8, 1851, P. L. 353, been repealed; and (2) if the said act has not been repealed, was service properly made under the provisions thereof?

There are several acts of assembly prescribing the proper method of service of process upon a corporation; the first of these is the Act of April 8, 1851, P. L. 353 (enacted before the General Corporation Law of 1874), wherein it is set forth that service upon a corporation may be made as follows:

"That in any case when any insurance company or other corporation shall have an agency or transact any business in any county of this Commonwealth, it shall and may be lawful to institute and commence an action against such insurance company or other corporation in such county, and the original writ may be served upon the president, cashier, agent, chief, or any other clerk, or upon any directors or agent of such company or corporation within such county, and such service shall be good and valid in law to all intents and purposes."

The Act of July 9, 1901, P. L. 614, provides for service upon a corporation by the sheriff, and this portion of the act was subsequently reënacted by the Act of April 3, 1903, P. L. 139; another act (June 8, 1911, P. L. 710) provides for service upon registered corporations through the Secretary of the Commonwealth. The Act of 1851 was not repealed by the Act of 1901 or the Act of 1911,

supra: See 12 PS §293, and cases cited. Some lower court cases hold to the contrary: See de la Rigaudiere v. Standard Mutual Life Ins. Co., 19 Dist. R. 618. We find no decision upon the point as to whether or not the Act of 1851 was repealed by the Act of 1903, but since the latter act was practically a reënactment (as to this particular clause) of the Act of 1901, we may assume that the decisions applying to the former act also apply to the latter and hence that the Act of 1903 did not repeal the Act of 1851. This is the more the case as the Act of 1903 does not contain a general repealer clause. There is a further act of 1921 which specifically repeals the Act of 1851 as to insurance companies, but which does not apply to the instant case.

If the Act of 1851 has not been repealed, then it provides a method of service alternative with the methods prescribed by the Acts of 1901, 1903 and 1911 and not a substitute method, as contended by the defendants. Service, if made under the requirements of the Act of 1851, is good and valid service even if the additional requirements of the Acts of 1901 and 1903 are not met.

The sheriff made his return as follows:

"TO THE HONORABLE THE JUDGE WITHIN NAMED:

"I hereby return that I served the within writ, and the rule to plead endorsed thereon in manner following, viz., by handing a true and attested copy of the same, together with a Plaintiff's Statement to M. L. Kennedy, personally, he being the Agent and an employee of the Peerless Oil Co. of Delaware, and its successor, the Richfield Oil Company of New Jersey, in the Borough of Honesdale, Wayne County, Pennsylvania, on May 31, 1935.

"So answers,

"Sheriff's costs $4.40 paid. "JOHN A. FOSTER, Sheriff."

This return, if we accept it upon its face as correctly stating the act of the sheriff, as we must do since his return is not impeachable in this proceeding, shows a proper and valid service under the Act of 1851. If, as defendant contends, M. L. Kennedy was not the agent of

defendant or the return does not correctly state what the sheriff actually did, then the defendant may sue the sheriff for a false return or, on motion by the sheriff, he may be permitted to amend his return to correspond with the facts: See Rogers v. Metropolitan Life Ins. Co., 99 Pa. Superior Ct. 505, 510.

We are compelled to deny and dismiss the motion of defendant to quash the writ and to set aside service.

### Order

Now October 16, 1935, motion of defendant is denied and the rule thereon discharged, and the prothonotary is hereby directed to place the said case on the issue list sec. reg. From A. G. Rutherford, Honesdale.