## Emery v. Gilkeson

*D. Clark Sautter*, for plaintiff.
*Fred W. Deininger*, for defendant.

HARVEY, J., October 20, 1941.—Defendant, contending that the return shows no legal service, has moved to set aside the service of the writ of summons in assumpsit.

The return reads as follows: "Served the within summons in assumpsit July 7, 1941, upon the within named defendant Paul Gilkeson by handing a true and attested copy of the within writ, together with a copy of plaintiff's statement of claim to Ralph Hamman, agent of the within named defendant, Paul Gilkeson, at his place of business, Corner Stores, Schuylkill Twp., Chester County, Penna., at 11:30 a.m. and made known the contents thereof, said deft., Paul Gilkeson not being a resident of Chester County, nor in the said County at the time of the issuance of the writ, nor at the time of the service of the same".

Plaintiff, conceding that no valid service is shown under the provisions of the Act of July 9, 1901, P. L. 614, sec. 1, cl. 1, 12 PS §291, seeks to justify the same as in compliance with the requirements of the Act of May 4, 1852, P. L. 574, sec. 1, 12 PS §291a. That the service is shown to be valid under the provisions of the latter act, we cannot agree. In the view we take, it is unnecessary to discuss the question, touched upon at argument, whether or not the Act of 1901 repealed the Act of 1852.

Application of well-established rules, which preclude a conclusion that the service is shown to be legal under the terms of the Act of 1901, results in our conclusion that the service is not shown to be valid under the terms of the Act of 1852. The return should show definitely that service was made in the manner prescribed by the statute. It should always state facts which affirmatively bring the service within the provisions thereof—a compliance with every statutory requisite of the validity of the service. See cases cited in 12 PS §291a, n. 7; particularly, Taylor v. Brown, 3 Dist. R. 570; O'Brien v. Bartlett, Hayward & Co., 12 Dist. R. 746; Kester v. Howley, 17 Dist. R. 398; Musselman v. Reese, 19 Dist. R. 249.

In order to show a good service under the Act of 1852, the officer serving the writ must show an exact com-

pliance with the terms of the statute; that is, the return must show: (1) That defendant is a resident of the Commonwealth and a nonresident of the county in which the suit is brought; (2) that he is engaged in business in the county in which the suit is brought; (3) that at the time of the issuance of the writ he is absent from the county; (4) that the person upon whom the writ was served was the agent or clerk of defendant; and (5) that personal service was made upon the agent or clerk at his usual place of business, or at his residence.

Measuring the return before us by such rule, it is fatally deficient. It utterly fails to show that defendant is a resident of the Commonwealth.

It is fatally uncertain and indefinite in another particular of requirement. It recites that personal service was made upon "Ralph Hamman, agent of the within-named defendant, Paul Gilkeson, at his place of business, Corner Stores, Schuylkill Township, Chester County, Pennsylvania, at 11:30 a.m. and made known the contents thereof". If this is to be read in its common acceptation, the service was made at the place of business of defendant in Chester County. This supplies the requisite that the return shall show that defendant is engaged in business in the county in which the suit is brought (by no other recital is that fact shown); but, there is then no showing that the service was made, in the language of the Act of May 4, 1852, P. L. 574, "at the usual place of business or residence of such agent or clerk".

Statutory provisions for substituted service of process, such as are provided by the Act of 1852, must be strictly construed and fully carried out to confer jurisdiction on the court, and the return must show on its face a legal service: Lehigh Valley Ins. Co. v. Fuller et al., 81 Pa. 398, 400. Where the return fails to show a legal service, it will be set aside: Winrow v. Raymond, 4 Pa. 501; Rogers v. Metropolitan Life Ins. Co., 99 Pa. Superior Ct. 505.

And now, October 20, 1941, rule absolute; service of writ of summons set aside and return thereof stricken off the record.