## Petock v. Berskine

Before Valentine, P. J., Lewis and Pinola, JJ.

*Louis G. Feldmann* and *Frederic R. Gallagher*, for plaintiff.

*James P. Harris, Jr.*, for defendant.

PINOLA, J., March 1, 1955.—Defendant asks that a judgment by default be stricken off for several reasons, one of which must be sustained, namely, that the notice required by Pa. R. C. P. 2082 was not given prior to entry of the judgment.

On August 30, 1949, plaintiff suffered damages as the result of a collision between the car which he was operating and one which was being operated by defendant on Route 309, the Hazleton highway.

Obtaining her name from the Department of Revenue, plaintiff filed a complaint on December 6, 1950, which was reinstated on April 11, 1951. Service was made upon the Secretary of the Commonwealth on April 20, 1951, and by mailing a copy to defendant at 6939 Yellowstone Boulevard, Forrest Hills, N. Y. This was returned, the reason checked being "Unknown".

Defendant having failed to appear, plaintiff entered judgment on October 9, 1951, and thereafter, on April 28, 1954, damages in the sum of $1,738 were assessed by a jury.

On May 5, 1954, plaintiff sent by registered mail a notice of his intention to enter judgment on the verdict to defendant at the same address to which the sheriff had mailed the copy of the complaint. This time the letter was received by defendant. On May 15, 1954, by præcipe the prothonotary entered judgment on the verdict.

On June 16, 1954, defendant filed preliminary objections raising, first, questions of jurisdiction, claim-

ing (a) that her name is "Breskin" and that in the proceedings her name has been spelled as "Berskine"; (b) that the court has no jurisdiction over her person because process was not served in accordance with the Rules of Civil Procedure, and (c) that the sheriff's return was improper. She objected to the complaint and moved to strike it off, and she also moved for a more specific complaint.

By decision of Judge Aponick on October 19th, defendant's preliminary objections were stricken off because, coming after judgment, they were filed too late.

Thereupon defendant, on November 1, 1954, obtained a rule to show cause why "the judgment entered in the above case" should not be stricken off, assigning as reasons, (a) the court has no jurisdiction over her person because of incorrect spelling of her name; (b) the court has no jurisdiction over her because process was improperly served; (c) the sheriff's return is improper, and (d) the judgment entered October 9, 1951, for default was entered in violation of Pa. R. C. P. 2082, in that plaintiff failed to give defendant the required notice.

If, as we have been informed, the sheriff made a proper service, he should have an opportunity to correct his return, and in order that the record might be correct, we hereby grant leave to the sheriff to amend his return: Rogers v. Metropolitan Life Ins. Co., 99 Pa. Superior Ct. 505.

We believe, however, that even without the amendment, defendant cannot now raise the question of jurisdiction because she failed to take an appeal from the decision of Judge Aponick: Thomas v. McLean, 365 Pa. 526.

This leaves for consideration the validity of the original judgment.

We have two rules dealing with default judgments. Being in pari materia, we are required by Pa. R. C. P. 131 to construe them together, if possible, as one rule or one chapter of rules.

Pennsylvania Rule of Civil Procedure 1047 governs default judgments generally. It reads as follows:

"The prothonotary, on praecipe of the plaintiff, shall enter judgment against a defendant by whom no appearance or pleading to the complaint is filed. In this case, the damages shall be assessed at a trial at which the issue shall be limited to the amount of the damages."

Pennsylvania Rule of Civil Procedure 2082 deals with default judgments where personal service has not been had upon a defendant. It provides:

"No judgment shall be entered against a defendant who has not been personally served or who has not appeared as a party in the action until the plaintiff has given the defendant such notice as the court by general rule or special order shall direct."

These two rules can well stand together and we hold that they must be read as one rule.

Our court has not adopted any general rule and, therefore, it was incumbent upon plaintiff to obtain a special order directing the notice to be given in compliance with Pa. R. C. P. 2082. This was not done and the required notice was not given. Therefore judgment was improperly entered and is void.

Accordingly, we enter the following

### Order

Now, March 1, 1955, at 4 p.m., the rule to show cause why the judgment entered against defendant, Sue Berskine, on October 9, 1951, should not be stricken off, is made absolute.